**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRYAN LAWSON,

      Petitioner,

v.                                                                      No. 2:25-cv-00161-DHU-GBW

BUREAU OF PRISONS,

      Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *pro se* Petitioner Bryan Lawson's Letter-Petition (Doc. 1). Petitioner is a federal prisoner at the Oxford Federal Correctional Institute in Wisconsin (FCI Oxford). He alleges the Bureau of Prisons (BOP) improperly placed him in the special housing unit (SHU) at FCI Oxford. He further alleges the date of his release to a halfway house has been delayed due to his placement in the SHU. (Doc. 1) at 2. Challenges to the execution of a sentence, including placement decisions and allegations that the BOP miscalculated a release date, are construed under 28 U.S.C. § 2241. *See Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section 2241 is a vehicle ... for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting Section 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits). The Court therefore construes the Letter-Petition as a Section 2241 petition.

When a pleading challenges the execution of a sentence under Section 2241, "jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the district where the prisoner is confined");

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (same). Petitioner is currently confined at FCI Oxford in Adams County, Wisconsin, within the jurisdiction of the United States District Court for the Western District of Wisconsin. *See* 28 U.S.C. § 130(b) ("The Western District comprises … Adams [County]." The Letter-Petition must be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006). In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*). To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer). The claims here are not time-barred; "there is no statute of limitations for petitions invoking § 2241." *Craig v. United States*, 844 Fed. App'x 96 (10th Cir. 2021). Allegations that the BOP has improperly classified Petitioner's placement or miscalculated Petitioner's release date may survive initial review. And, while Petitioner directs his concerns to the sentencing court, rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants. The Court therefore finds the Letter-Petition was filed in good faith.

For these reasons, the Court will transfer this case to the United States District Court for the Western District of Wisconsin. Petitioner may or may not be asked to file his claims on the proper Section 2241 form, which provides more information, and pay the $5 habeas filing fee in

the Wisconsin Court. For convenience, and to the extent Petitioner would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him a blank Section 2241 form and a blank *in forma pauperis* application. **Petitioner is reminded that all further pleadings and payments should be submitted to the United States District Court for the Western District of Wisconsin.**

**IT IS THEREFORE ORDERED** that the Clerk's Office shall **TRANSFER** this proceeding, including the Letter-Petition (Doc. 1), to the United States District Court for the Western District of Wisconsin; **TERMINATE** all pending motions; and **CLOSE** this civil case.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner a blank Section 2241 habeas petition and a blank motion to proceed *in forma pauperis*, should he wish to file those forms in the Wisconsin Court.

**IT IS SO ORDERED**.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE